AMY, PLAINTIFF AND APPELLEE, *v.* APONTE ET AL., DEFENDANTS
(DALMAU ET AL., APPELLANTS.)

## APPEAL from the District Court of Guayama in an Action of Debt.

No. 2215.—Decided February 25, 1921.

OBLIGATIONS OF ANCESTOR—ACCEPTANCE OF INHERITANCE—RENUNCIATION OF IN-
HERITANCE—PLEADING.—When an action is brought against the heirs for the
performance of obligations of their ancestor it is not necessary to allege in
the complaint that the defendants accepted the inheritance. Renunciation
of inheritance is a defense for the defendants if available.

ID. — SURETY — PARTIES — CONJUGAL PARTNERSHIP. — The obligation having been
contracted by Rafael Palés on April 29, 1918, to secure the payment of an
obligation due on July 31 of the same year and the action having been brought
four months thereafter against Isolina Díaz, among others, alleging that the
surety had married her as his second wife and had left two children by
her, who were also included as defendants, it is necessary to conclude that
the obligation was contracted during the conjugal partnership of Isolina
Díaz and the surety and, therefore, that the widow was properly included
as a defendant.

ID.—ID.—ID.—DEMURRER.—The debt having been contracted by the ancestor
after the termination of the community between him and his first wife
and during the community between him and his second wife, the court erred
in overruling the demurrer of insufficient facts and misjoinder of parties
pleaded by the first wife as a defendant in her own right.

ID.—ID.—EXTENSION OF TIME.—The fact that the creditor accepted payment of
part of the debt and delayed for some months bringing the action for the
remainder does not show of itself that the creditor had granted the debtor
an extension of time without the knowledge of the surety; therefore section
1752 of the Civil Code is not applicable.

The facts are stated in the opinion.

*Mr. Tomás Bernardini* for the appellants.

*Mr. F. Cervoni Gely* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an action of debt on a promissory note brought
originally in the Municipal Court of Guayama and tried *de
novo* in the District Court of Guayama on appeal.

The promissory note reads as follows:

"For $454.72.—I promise to pay to Enrique Amy Ramú or order
the sum of four hundred and fifty-four dollars and seventy-two cents

for merchandise and cash received at his store to my entire satisfaction, and I agree to pay the same on July 31 of this year, binding all property that I have or may have to answer for the faithful performance of this obligation. I waive the law of residence or domicile and all other laws that might favor me.—Guayama, P. R., April 29, 1918.—(Signed) Antero Aponte.—Raf. Palés Díaz, surety and principal payer."

The action was brought by Enrique Amy Ramú, plaintiff, against Antero Aponte, Elisa Dalmau, individually and as mother with *patria potestas* over her minor son Jorge Rafael Palés Dalmau, and Isolina Díaz Palés, individually and as mother with *patria potestas* over her minor children Carlos and Rafael Palés Díaz, defendants. In the verified complaint dated November 23, 1918, the plaintiff alleges that on April 29, 1918, defendant Antero Aponte received at the plaintiff's store the sum of $454.72 in merchandise and cash, for which he signed the said promissory note with Rafael Palés Díaz as solidary indorser; that at the maturity of the note on July 31, 1918, defendant Antero Aponte paid on account the sum of $54.72, leaving a balance of $400; that Rafael Palés was first married to defendant Elisa Dalmau, who bore him the minor Jorge Rafael Palés Dalmau, and later to the other defendant, Isolina Díaz Palés, who bore him the minors Carlos and Rafael Palés Díaz, the said children being under the *patria potestas* of their respective mothers, their father, Rafael Palés, having died in Guayama prior to the maturity of the obligation; that the plaintiff has demanded payment of the defendants, the heirs of Rafael Palés, but without any results.

The complaint concludes with a prayer for judgment against the defendants *in solidum* for the sum of $400, with interest from the date of the complaint and the costs.

The defendants, with the exception of Antero Aponte, demurred to the complaint on the grounds of lack of facts sufficient to constitute a cause of action as against them and

of misjoinder of parties defendant, because it was not alleged in the complaint that the said defendants were the only heirs of Rafael Palés or that they inherited property from their ancestor with or without benefit of inventory, it appearing also from the face of the complaint that the obligation of the indorser is extinguished and that the complaint contains no allegation by virtue of which defendant Elisa Dalmau is bound individually to answer for the indorsement.

The demurrer was overruled on April 28, 1919, and the said defendants were allowed ten days within which to answer the complaint. In answering the complaint the defendants alleged as new matter that at the time of his death and even prior to that time Rafael Palés had no property of any kind; that he left no estate which his heirs accepted or could accept, and that the defendants received no property of any kind as an inheritance from the decedent.

A judgment by default had been entered on January 22, 1919, against Antero Aponte in the Municipal Court of Guayama for the sum of $400 claimed in the complaint, with the costs of the action, and no appeal was taken from that judgment to the District Court of Guayama.

At the trial between the plaintiff and the other defendants Isolina Díaz Palés moved that she be eliminated from the complaint in so far as she was sued as the widow of Palés, because there was no cause of action against her as such, leaving her as a defendant only as the representative of her minor children. The motion was overruled without prejudice to her moving on the same ground for a dismissal of the complaint against her as the widow of Rafael Palés.

The plaintiff introduced evidence, but the defendants offered none. The court entered judgment on December 18, 1919, against the defendants as the heirs and successors of Rafael Palés for the sum of $400, the balance due on the note, with interest at the legal rate from the date of the

complaint and the costs.   The defendants appealed from that judgment to the Supreme Court.

The principal points on which the appeal turns are the following:

1st. That the court erred in overruling the demurrer on the ground of lack of facts sufficient to constitute a cause of action against the defendant-appellants because of failure to allege that they accepted the inheritance from Rafael Palés, either with or without the benefit of inventory, and that Palés left an estate which they could expressly or impliedly accept, and for this reason the court also erred in overruling the demurrer on the ground of misjoinder of parties, for the action should have been brought only against Antero Aponte.

2nd. That the court also erred in entering judgment against the defendants and especially against defendants Elisa Dalmau and Isolina Díaz who in no manner could be affected by the liability of Rafael Palés, either individually or as the wives of the said Rafael Palés.

The minors Jorge Rafael Palés Dalmau and Carlos and Rafael Palés Díaz, the children of Rafael Palés, are necessarily his heirs, and as such they succeeded by reason of his death to all his rights and obligations, according to sections 664 (*a*), 665 and 669 of the Civil Code.

Undoubtedly if the heirs do not accept, or repudiate, the inheritance from their ancestor, they do not succeed to all of his rights and obligations; but from this rule the deduction can not be drawn that a plaintiff who sues the heirs on an obligation of their ancestor must allege in the complaint that they accepted the inheritance.

The plaintiff must allege only that the defendants are the heirs, for, according to Robles Pozo in his commentaries on the Civil Code, "at the moment of the death of the ancestor he is substituted by his heirs or successors and an acceptance is not necessary, for this is presumed to be a

consequence of the succession, the repudiation by the heirs amounting to a renunciation of a right which they already have and possess and to an abandonment and rejection of a capacity already acquired; or the heirs may expressly accept it conditionally according to the rights conferred by law.''

Refusal to accept the inheritance is an exception favoring the heirs in order to exempt them from the fulfilment of the obligations in which they succeed their ancestor by reason of his death, and as an exception it is a defense for the defendants to plead. *Dapena* v. *Estate of Dominicci*, 12 P. R. R. 64.

On March 2, 1896, the Supreme Court of Spain (79 *Jurisprudencia Civil*, 414), in an appeal from a money judgment against certain minors represented by their mother wherein error was alleged in the violation of sections 922 and 1005 of the Spanish Civil Code, held that the sections cited were applicable to the case because the appellants, who had been adjudged to pay a debt incurred by their father, were his forced heirs and it had not been suggested or attempted to prove that they had renounced the inheritance, nor even that they had accepted it conditionally.

This case is similar to the one cited and must be governed by the rule laid down.

Therefore, the court did not err in holding that the facts alleged in the complaint were sufficient to constitute a cause of action. That cause of action exists against the defendant minors because of the fact that they are the successors of Rafael Palés and it is unnecessary to allege in the complaint, as the appellants maintain, that the inheritance was accepted.

The same cause of action exists against the widow Isolina Díaz de Palés. The surety obligation was contracted by Rafael Palés on April 29, 1918, for the payment of a debt to become due on July 31 of the same year, and about four

months thereafter, or on November 23, the complaint was filed, alleging that Rafael Palés was married for the second time to Isolina Díaz and had left two children borne by her. This being so, the obligation was contracted by Rafael Palés during the existence of the conjugal partnership composed of him and Isolina Díaz and that obligation affected the said partnership, whose liquidation seems not to have been attempted. Hence, the action was properly brought against Isolina Díaz individually and against the minors Carlos and Rafael Palés Díaz, for she was an interested party to the action, not only as the usufructuary heiress of her deceased husband, but also as a member of the conjugal partnership which would be affected by the payment of the debt. See the cases of *Muñoz* v. *Registrar of Humacao,* 26 P. R. R. 709, and *Miranda* v. *Registrar of San Juan,* 28 P. R. R. 365.

The case is different as to Elisa Dalmau, the first wife of Rafael Palés, in so far as she was made a defendant individually, for she could not be liable for a debt contracted by Palés when their conjugal partnership had ceased to exist. The court erred in overruling as to Elisa Dalmau the demurrer on the grounds of insufficient facts and misjoinder of parties.

The appellant also alleges that the surety obligation was extinguished, according to section 1752 of the Civil Code, because the creditor granted the debtor an extension of time without the consent of the surety; but the reasons on which such an allegation could be based, that is, that the debtor, Antero Aponte, had paid a part of the debt at maturity and that the bringing of the action of debt was delayed for some months, do not justify an application of the said statute, inasmuch as they do not show that the creditor, Amy, granted the debtor, Aponte, an extension.

It is also alleged that the debt was paid, but that allegation was not duly made in answering the complaint and need not be considered.

Considering that the authenticity of the promissory note and the existence of the debt are not questioned, the foregoing reasons lead us to the conclusion that the judgment appealed from is in accordance with the law and the evidence, except in so far as it refers to Elisa Dalmau.

The only question before us is the obligation of the defendants to pay the debt, and that is what we decide. The question regarding the properties upon which the judgment must be executed is foreign to the present appeal and could not be considered in the absence of evidence showing whether or not Rafael Palés Díaz left an estate.

The judgment appealed from is affirmed as to the widow Isolina Díaz and the minors Jorge Rafael Palés Dalmau and Carlos and Rafael Palés Díaz and reversed as to Elisa Dalmau.

*Modified and affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.